```
               IN THE UNITED STATES DISTRICT COURT

              FOR THE NORTHERN DISTRICT OF GEORGIA

                         ATLANTA DIVISION
```

```
ALFREDO SPAVENTO,             :  CIVIL ACTION
                              :
         Petitioner,          :  NO. 1:05-CV-02755-RLV
                              :
    v.                        :
                              :
DEPARTMENT OF JUSTICE, et al.,:
                              :
         Respondent.          :
```

**RESPONDENT'S COMBINED MOTION TO DISMISS AND RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

COMES NOW the Respondent, through counsel, and files its response in opposition to Alfredo Spavento's petition for writ of habeas corpus.[1] Respondent further moves the court to dismiss the petition for failure to exhaust administrative remedies and for failure to state a claim for which relief can be granted. The grounds for this combined motion and response are more fully set forth in the attached memorandum.

---

[1] Alfredo Spavento originally filed this case in the United States District Court for District of Columbia District, case no. 04-CIV-2003(JR), as a prisoner civil rights action. Spavento subsequently moved to amend the complaint to add additional plaintiffs. The District of Columbia District Court ruled that Spavento's claim can be advanced only through a petition for writ of habeas corpus, construed his original complaint as a habeas corpus petition, and denied the motion to amend. The court then ordered Spavento's habeas corpus case transferred to the United States District Court for the Northern District of Georgia because he was then housed at the United States Penitentiary in Atlanta ("USP-Atlanta"). The proper respondent, therefore, is the Warden at USP-Atlanta.

```
                        Respectfully submitted,

                        DAVID E. NAHMIAS
                        UNITED STATES ATTORNEY

                        s/ R. DAVID POWELL
                        R. DAVID POWELL
                        ASSISTANT U.S. ATTORNEY
                        Georgia Bar No. 586450
                        600 Richard Russell Building
                        75 Spring Street, SW
                        Atlanta, Georgia 30303
                        Voice:    (404) 581-6000
                        Fax:      (404) 581-6150
                        Email: R.David.Powell@usdoj.gov
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALFREDO SPAVENTO, | : CIVIL ACTION |
| Petitioner, | : NO. 1:05-CV-02755-RLV |
| v. | : |
| DEPARTMENT OF JUSTICE, et al., | : |
| Respondent. | : |

**MEMORANDUM IN SUPPORT OF RESPONDENT'S COMBINED MOTION TO DISMISS AND RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

COMES NOW the Respondent, through counsel, and files its response in opposition to Alfredo Spavento's petition for writ of habeas corpus.[2] Respondent further moves the court to dismiss the petition for failure to exhaust administrative remedies, <u>Skinner v. Wiley</u>, 355 F.3d 1293 (11th Cir. 2004), and for failure to state a claim for which relief can be granted, <u>Brown v. McFadden</u> 416 F.3d 1271 (11th Cir. 2005.)

---

[2] Alfredo Spavento originally filed this case in the United States District Court for District of Columbia District, case no. 04-CIV-2003(JR), as a prisoner civil rights action. Spavento subsequently moved to amend the complaint to add additional plaintiffs. The District of Columbia District Court ruled that Spavento's claim can be advanced only through a petition for writ of habeas corpus, construed his original complaint as a habeas corpus petition, and denied the motion to amend. The court then ordered Spavento's habeas corpus case transferred to the United States District Court for the Northern District of Georgia because he was then housed at the United States Penitentiary in Atlanta ("USP-Atlanta"). The proper respondent, therefore, is the Warden at USP-Atlanta.

## BACKGROUND

Alfredo Spavento, the petitioner, is an inmate presently incarcerated at the United States Penitentiary in Otisville, New York ("USP Otisville"), currently serving a term of imprisonment of 250 months for violation of 21 U.S.C. § 846, Conspiracy to Distribute Heroin and Cocaine imposed on October 31, 1989, (Court Record[3], Docket Entry [1] ¶ 1);(Gov. Ex. 2). He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") has improperly interpreted 18 U.S.C. § 3624 (b)(1) in a way that miscalculates the good time credit he may earn toward his sentence. The Petitioner alleges that under the BOP's calculation of his sentence he has the potential to earn 1125 days, (CR [1] ¶ 15), of good conduct time rather than the 968 days of GCT projected by the BOP's calculations. (Gov. Ex. 4). Petitioner argues that the difference is due to the BOP's calculation based upon time served rather than the sentence imposed, resulting in the Petitioner being awarded 47 days of GCT rather than 54 days GCT per year. (CR [1] ¶ 13).

## DISCUSSION

Respondent opposes and seeks dismissal of Spavento's habeas corpus petition on the grounds that he failed to exhaust administrative remedies and his petition fails to state a claim for which relief can be granted.

---

[3]  Documents in the court's record will be identified by court docket number using the format "CR[nn]."

A.    **FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Federal prisoners have long been required to exhaust all available administrative remedies before seeking habeas corpus relief. Merki v. Sullivan, 853 F.2d 599 (8th Cir. 1988); Perez-Perez v. Hanberry, 781 F.2d 1477 (11th Cir. 1986); Dufresne v. Baer, 744 F.2d 1543 (11th Cir. 1984); Hopper v. United States Parole Commission, 702 F.2d 842 (9th Cir. 1983); Page v. United States Parole Commission, 651 F.2d 1083 (5th Cir. 1981); Dorman v. Simpson, 893 F.Supp. 1073, 1083 (N.D.Ga. 1995).  The Eleventh Circuit has held that exhaustion of administrative remedies provided by the BOP for resolution of inmate complaints is a jurisdictional prerequisite to filing suit, United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990)(Requirement that inmate seeking credit against sentence for time in custody must exhaust administrative remedies is jurisdictional); accord United States v. Herrera, 931 F.2d 761 (11th Cir. 1991), and has more recently held that this exhaustion requirement applies to all habeas corpus petitions brought by federal prisoners. Skinner v. Wiley, 355 F.3d 1293 (11th Cir. 2004); accord Keys v. U.S. Dept. Of Justice, 136 Fed. Appx. 313,314 (11th Cir. 2005). See Gov. Ex. 5.

The Federal Bureau of Prisons makes available to all inmates a three level Administrative Remedy Program through which an inmate may seek formal review of any issue relating to his confinement, if informal resolution procedures fail to achieve sufficient results.  28 C.F.R. §§ 542.10 - 542.19.  For matters other than Discipline Hearing

Officer ("DHO") appeals,[4] the administrative remedy process is begun by filing a formal written Administrative Remedy Request on the appropriate form (form BP-9) at the institution where the inmate is incarcerated.  28 C.F.R. § 542.14.  Once the Warden has responded to the inmate's request, the inmate, if not satisfied with the response, may submit an appeal using the appropriate form (form BP-10), to the Regional Director for the geographic region of the BOP within which the inmate is incarcerated.  28 C.F.R. § 542.15(a), (b).  An inmate who is dissatisfied with the Regional Director's response may submit another appeal, using the appropriate form (form BP-11), to the BOP's General Counsel.  28 C.F.R. § 542.15(a).  An appeal to the General Counsel is the final stage in the administrative remedy process.  28 C.F.R. § 542.15(a).

In the instant case, Spavento has failed to exhaust administrative remedies regarding the claims raised in his Petition. Spavento filed a BP-9 and BP-10 which were both denied. Petitioner's BP-11 filings were rejected due to his failure to submit copies of his BP-9 and BP-10 and his exhibits. (Gov. Ex. 1 ¶ 7). He was afforded 10 days in which to submit the BP-11 with required attachments, but failed to do so. Id.  The Eleventh Circuit has held that unless a federal prisoner completes the administrative process by following the

---

[4]   DHO appeals are initially submitted to the Regional Director. 28 C.F.R. §§ 541.19, 542.14(d)(2). The regulations also provide abbreviated administrative procedures for two additional categories of appeals not relevant here:  control unit appeals which are filed initially with General Counsel, and controlled housing status appeals which are filed initially with the Regional Director. 28 C.F.R. § 542.14(d)(3), (4).

rules established by the BOP for that process, exhaustion has not occurred.  Herrera, 931 F.2d at 764.  Spavento was afforded an opportunity to amend and resubmit his BP-11, but failed to do so. Therefore, petitioner failed to exhaust all available administrative remedies for his claim and his petition should be dismissed.

**B.   Petition Fails to State a Claim**

The petition also fails to state a claim for relief.  Petitioner makes a general challenge concerning computation of GCT applicable to his sentence.  His petition can be construed to challenge both computation of GCT for time already served (earned GCT), and computation of projected GCT.

### 1.   Earned GCT Is Correctly Calculated

Petitioner's argument that he is statutorily entitled to earn 54 days of GCT for every year of his sentence implies that he contends he is eligible to earn all potential GCT immediately upon commencement of his sentence. (CR [1] ¶ 13). However, the statutory authority for GCT expressly provides that GCT may only be awarded at the end of each year served. 18 U.S.C. § 3624(b)(1). Section 3624(b)(1) provides as follows:

> (b) Credit toward service of sentence for satisfactory behavior.---
> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more that one year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of **up to 54 days** at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, **subject to determination by the Federal Bureau of Prisons that, during that year, the prisoner had displayed exemplary**

>    **compliance with institutional disciplinary regulations.** Subject to paragraph (2), **if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive lesser credit as the Bureau determines to be appropriate.... Credit that has not been earned may not later be granted.** Subject to paragraph (2), credit for the last year of portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1) (emphasis added). 18 U.S.C. § 3624(b)(1) expressly provides that GCT does not vest until the prisoner is released from custody. 18 U.S.C. § 3624(b)(2). Thus, to the extent that the petition is construed to assert a vested right to GCT upon commencement of service of the in-custody portion of petitioner's sentence, his petition fails to state a claim for relief.

The petition also appears to challenge the amount of GCT petitioner has earned for time he already has served, in light of petitioner's contention that he is actually only receiving 47 days per year. (CR [1] ¶ 13). He can state a claim concerning his earned GCT only by showing that he has <u>improperly</u> been denied 54 days of GCT for each full year he has already served. 18 U.S.C. § 3624(b)(1). Although he argues that the BOP's method for awarding GCT limits him to only 47 days of GCT per year, he does not expressly allege that he has earned less than 54 days in any of the years he has already served. BOP records show, however, that for the year of January 26, 2002 through January 25, 2003, he forfeited 14 days of GCT resulting in 40 days

earned. (Gov. Ex. 4). Spavento does not challenge that forfeiture of GCT.

Petitioner has completed 16 years of the in-custody portion of his sentence, and the BOP's records correctly document that he has earned 54 days of GCT per year served, less only 14 days he forfeited, (16 x 54 = 864 minus 14 days forfeited = 850). Petitioner, therefore, fails to state a claim for which relief may be granted as to the BOP's calculation of the 850 GCT he has earned with a projected amount earned of 968 GCT.

### 2. Projected Future GCT Is Correctly Calculated

Petitioner vigorously challenges the BOP's computation that projects the potential future GCT he may receive, in the discretion of the BOP, pursuant to 18 U.S.C. § 3624(b)(1), and he expressly seeks a court order requiring the BOP to immediately award him 1,125 days of Good Credit Time. (CR [1] ¶ 15). Petitioner argues that the phrase "term of imprisonment" is unambiguous and its use in § 3624(b)(1) mandates that GCT be computed over his stated sentence rather than the time actually served. The Eleventh Circuit has now addressed this specific claim in Brown v. McFadden 416 F.3d 1271 (11th Cir. 2005.) As in the present case, the petitioner in Brown claimed that the Bureau of Prison's ("BOP") interpretation of 18 U.S.C. § 3624 (b)(1) is contrary to plain language of the statute. Brown also made a claim that he was also entitled to relief because the BOP's interpretation of the statute violates the rule of lenity. The circuit court in Brown v McFadden held that the statute is ambiguous but the BOP's

interpretation is reasonable and therefore is due to be affirmed, and that the rule of lenity is inapplicable because of the BOP's reasonable interpretation of 18 U.S.C. § 3624 (b)(1). Spavento's claim challenging the BOP's interpretation of § 3624 (b)(1) therefore is without merit.

## CONCLUSION

For the reasons set forth above, the respondent respectfully requests that the court enter an Order dismissing Petition for failure to state a claim or for failure to exhaust administrative remedies.

Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

s/ R. DAVID POWELL
R. DAVID POWELL
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 586450
600 Richard Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303
Voice:    (404) 581-6000
Fax:      (404) 581-6150
Email: R.David.Powell@usdoj.gov

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION
```

| | |
|---|---|
| ALFREDO SPAVENTO, | : CIVIL ACTION |
| Petitioner, | : NO. 1:05-CV-02755-RLV |
| v. | : |
| DEPARTMENT OF JUSTICE, et al., | : |
| Respondent. | : |

## CERTIFICATE OF COMPLIANCE

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in LR 5.1B for documents prepared by computer.

s/ R. DAVID POWELL
R. DAVID POWELL
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 586450

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALFREDO SPAVENTO, | : CIVIL ACTION |
| Petitioner, | : NO. 1:05-CV-02755-RLV |
| v. | : |
| DEPARTMENT OF JUSTICE, et al., | : |
| Respondent. | : |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Respondent's Combined Motion to Dismiss and Response to Petition for Writ of Habeas Corpus, and materials in support thereof, with the Clerk of Court using the CM/ECF system, and that I have mailed the document by United States Postal Service to the following non CM-ECF participant:

　　　　　　　　Alfredo Spavento
　　　　　　　　Reg No 15047-054
　　　　　　　　FCI Otisville
　　　　　　　　Federal Correctional Institute
　　　　　　　　P.O. Box 1000
　　　　　　　　Otisville, NY 10963

　　This 18TH day of November, 2005.

　　　　　　　　　　　　　　　　s/ R. DAVID POWELL
　　　　　　　　　　　　　　　　R. DAVID POWELL
　　　　　　　　　　　　　　　　ASSISTANT U.S. ATTORNEY
　　　　　　　　　　　　　　　　Georgia Bar No. 586450